Linda M. Tirelli, Esq.,
Counsel for the Debtors
Garvey Tirelli & Cushner, Ltd.
50 Main Street, Suite 390
White Plains, NY 10606
PH (914)946-0860

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

---------------------------------------------------------------------X
IN THE MATTER OF

                                                   AP CASE #:_____

RONALD DECONNE
KARIN DECONNE

    DEBTORS.
---------------------------------------------------------------------X

RONALD DECONNE AND
KARIN DECONNE                                        CHAPTER 13
                                                                 CASE NUMBER 12-22199(RDD)

    PLAINTIFFS

V.

CRAIG MARX

    RESPONDANT.
---------------------------------------------------------------------X

**COMPLAINT OF THE DEBTORS PURSUANT TO 11 U.S.C. SECTION 506(A)AND
BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF
SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM
AND PURSUANT TO TILA § 131(F) [15 U.S.C. § 1641(F)]AND
COMPLAINT FOR DAMAGES, SANCTIONS AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

1.1     This is an action for actual and punitive damages filed by the Debtors / Plaintiffs, Ronald

DeConne and Karin DeConne, a married couple, (hereinafter "Plaintiffs s" or "Debtors")

pursuant to Sections 105, 362, 501, 502, 503 and 506 of the Bankruptcy Code, and Rules

1

2016(a), 3001, 7001(1), 7001(2), 7001(7), 7001(8) and 7001(9) of the Federal Rules of Bankruptcy Procedure to determine the interest of the Defendant in the residential real estate of the Debtors and determine the amount of the allowed secured claim, if any, of the Defendant.

1.2    This Complaint focuses on the improper accounting presented by named Defendant Mr. Craig Marx in his claims as purported creditor against the Debtors' estate.

1.3    This complaint focuses on the improper add on charges and fees reflecting in the Defendants' proof of claim.

1.4    This Complaint focuses on the filing a false proof of claim and the Defendants' misrepresentation of the owner of the Debtors's Mortgage Loan and the identity of the real party in interest.

1.5    This Complaint is an Objection to the TWO(2) Proofs of Claim filed by Mr. Craig Marx namely Proof of Claim 3-1 and 7-1 , each of which has been amended on THREE(3) occasions.

## II.   PARTIES

2.1    The Plaintiffs s  in this case were and are Debtors under Chapter 13 of Title 11 of the United States Code in case number **12-22199(RDD)** which case was filed on February 1, 2012 and is presently pending before this Court.

2.2    The Defendant, Mr. Craig Marx, is an individual residing in New City, New York who purports to be the owner and holder of TWO (2) mortgage loan debts which are subject of this complaint.  Mr. Craig Marx may be served  c/o Brian McCaffrey Attorney at Law, P.C 88-18 Sutphin Blvd., 1st Floor, Jamaica, NY 11435 and at  his primary residence, 32 Culver Drive, New City, New York 10956.

### III.  JURISDICTION

3.1     Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

3.2     This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

3.4     This Court has supplemental jurisdiction to hear all state law claims, if any, pursuant to Section 1367 of Title 28 of the United States Code.

3.5     The Plaintiffs s are informed and believe that this matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiffs s consent to the entry of a final order by the Bankruptcy Judge.

### IV.  VENUE

4.1     Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

### V.  ADDITIONAL FACTS

**A.  Background**

5.1   At all times relevant, the Plaintiffs are the owners of a single family house located at 47 Nemitz Road, Yonkers, New York 10710 (hereinafter the "property") which the Plaintiffs claim as their primary residence.

5.2 On or about February 1, 2012 the Plaintiffs filed a petition with the United States Bankruptcy Court for protection under Chapter 13 of the United States Bankruptcy Code and were assigned case number 12-22199(rdd).

5.3 TWO (2) proofs of claim, namely Claim Number 3-1 (and as amended 3-2 and 3-3) and Claim Number 7-1 (and as amended 7-2 and 7-3) were filed in the Debtors' Bankruptcy Case naming TWO(2) purported creditors namely "Equity Trust Company Custodian FBO Craig Marx IRA" (hereinafter "Equity Trust Company") and "Craig Marx."

5.4 On or about September 25, 2012 Proof of Claim number 10-1 was filed amending claim 3-1, 3-2 and 3-3 to indicate a sole creditor, namely Mr. Craig Marx.

5.5 On or about September 25, 2012 Proof of Claim number 11-1 was filed amending claim 7-1, 7-2 and 7-3 to indicate a sole creditor, namely Mr. Craig Marx.

5.6 This complaint will address the lack of standing of Mr. Craig Marx to file the above mentioned proofs of claim in the Plaintiffs' bankruptcy case.

5.7 The address for notices for all above referenced purported creditors named on all above mentioned proofs of claim on respective Official Form B10 is "C/O Brian McCaffrey, Attorney at Law PC, 88-18 Sutphin Blvd., (1st Floor), Jamaica, NY 11435" and all Proofs of Claim and amendments referred to herein are signed by "Brian McCaffrey" as an authorized agent of the creditors.

5.8 Based upon information and belief Defendant Craig Marx does not hold the promissory notes attached to the claims and or to the extent he has possession of one or more promissory note(s) the same are not indorsed to him and/or otherwise defective.

5.9 Based upon information and belief, the purported creditor "Equity Trust Company" is an on-line mass marketed do-it-yourself retirement investment program/kit (see http://www.trustetc.com/ ) it is an entity unfamiliar to the Debtors and has had no known relationship or dealings whatsoever with the Debtors or the property of the bankruptcy estate.

5.10   Based upon information and belief Defendant Craig Marx purchased a do-it-yourself retirement investment program/kit and or such similar product from Equity Trust Company.

5.11   Based upon further information and belief. Defendant Marx was under the impression he could purchase mortgage loans, including the mortgages at issue, together with other investors involved with the Equity Trust Company and to collect proceeds to fund his retirement account, he would *merely* have to foreclose on the unsuspecting homeowners, the Plaintiffs Ronald DeConne and Karin DeConne.

### B. The Proofs of Claim

5.12   On or about February 20, 2012 Equity Trust Company as Trustee for Craig Marx IRA together with Mr. Craig Marx filed Proof of Claim Number 3-1, subsequently amended twice as Proof of Claim number 3-2 and 3-3, claiming a secured interest in the Plaintiffs' property.

The purported promissory note attached to proofs of claim 3-1 through 3-3 and later proof of claim 10-1 is alleged to be a lien second in line to that presented in proofs of claim 7-1through 7-3. The purported promissory note attached to proofs of claim 3-1 through 3-3 and 10-1 names the lender as "The Bank of New York" and bears no further endorsement.

5.13    In or about March 2012, the undersigned asked counsel for both Equity Trust Company and Mr. Marx to produce the original promissory note presented in said proof of claim, she was advised that the claimants do not have and have never had possession of the original promissory note.

5.14    In more recent time, Defendant Marx produced an alleged original promissory note with some pages indicating "lender copy" and other pages indicating "borrower copy" to the extent the promissory note is a combination of pages and not a complete original document, the Plaintiffs aver it is defective and does not constitute an original note.

5.15    On or about March 12, 2012 Equity Trust Company as Trustee for Craig Marx IRA together with Mr. Craig Marx filed Proof of Claim Number 7-1, subsequently amended twice as Proof of Claim number 7-2 and 7-3, claiming a secured interest in the Plaintiffs' property. The purported promissory note attached to proof of claim 7-1 and all subsequent amendments names the lender as "The Bank of New York" and bears no further endorsement.

5.16    Further Attached to Proof of Claim number 7-3 is a purported "Affidavit of Lost Note" signed and notarized on August 19, 2010 by Laurie Solomon, no title noted for Ms. Solomon

anywhere on the document.   Said Affidavit of Lost Note states in the first paragraph that that the affiant is "JP Morgan Chase NA" and identifies a lost note executed by the Debtors to "Bank of New York and JP Morgan Chase NA."  The Debtors are not familiar with any promissory note executed by them to Bank of New York and JP Morgan Chase NA. Furthermore, based upon information, belief and confirmation with the online records of the FDIC, the Debtors aver that there is no entity, active or inactive, known as "JP Morgan Chase NA"

5.17    In or about March 2012, the undersigned requested from Attorney Brian McCaffrey as counsel for both Equity Trust Company and Mr. Marx to produce the original promissory note presented in Proof of Claim number 7-1, 7-2 and 7-3, and was advised that the claimants do not have and have never had possession of the original promissory note.

5.18    In more recent time, Defendant Marx produced an alleged original promissory note notwithstanding the affidavit of lost note filed with this Court, offering no explanation as to how or when he came into possession of the alleged original.  The Debtors aver the Defendant was not in possession of an original note as of the date he filed the proof of claim 7-1.  In any case, the purported original names the lender as Bank of New York and bears no further indorsement.

# COUNT 1

## VI.  OBJECTION TO PROOFS OF CLAIM 3-1, 3-2, 3-3 and 10-1

**6.1**     The allegations of paragraphs 1.1 through 5.18 of this Complaint are hereby re-alleged and incorporated by reference.

**6.2**     Defendant Marx  filed Proof of Claim Number 3-1 and subsequent amendments 3-2,3-3 and 10-1 identifying himself as a/the creditor to which he attached an alleged copy of a promissory note and mortgage agreement payable to Bank of New York.

6.3     Proof of Claim Number 3-1 and subsequent amendments 3-2, 3-3 and 10-1 further includes a series of assignments between multiple parties, but nothing to indicate a transfer from the named lender, Bank of New York.

6.4    The Assignments attached to the Proof of Claim Number 3-1 and subsequent amendments 3-2,3-3 and 10-1 are not valid, and/or otherwise false document submitted to bolster the claim of Mr. Marx.

**6.5**     Defendant Marx and his attorney at all times relevant knew or should have known the Assignments are false documents.

6.6     Defendant Marx and his attorney submitted the Assignments, which the Plaintiffs allege to be false documents, for the purpose of enticing the reliance of the Court, the Debtor, Chapter 13 Trustee and all interested parties.

**6.7**     Defendant Marx and his attorney submitted the Assignments, which the Plaintiffs allege to be false documents, for the purpose of filing a false proof of claim.

**6.8**     Defendant Marx and his attorney submitted the Assignments, which the Plaintiffs allege

to be false documents, for the purpose of violating 11 U.S.C. 362(a) in seeking to collect a debt not owed to Mr. Marx.

**6.9** Plaintiff objects to the Proof of Claim 3-1,3-2, 3-3 and 10-1 on the following grounds:

**6.10** The Note affixed to the Proof of Claim 3-1,3-2, 3-3 and 10-1 as per FRBP 3001(c) and FRBP 9011 are required to be a duplicate of the original. The Note attached to the proof of claim in this case is in favor of Bank of New York and is otherwise not endorsed. Despite passage of time, no further proof of indorsement or any documentation to support any connection whatsoever between Defendant Marx and the Note has been offered by way of amendment to the Proof of Claim filed by Marx.

**6.11** The Mortgage affixed to the to the proof of claim is required and certified to be true copy of the original as per FRBP 3001(c) and 9011 to be a duplicate of the original. The Mortgage is in favor of the lender, Bank of New York, not Defendant Marx. There is no valid assignment of mortgage attached to the proof of claim except for the bogus assignments of mortgage, and despite passage of time, the same has not been amended to include any valid assignment. The most recent assignment names the mortgagee as both Mr. Marx and Guarantee Trust Company The named creditor, Mr. Marx, does not maintain a valid lien on the Debtor's property.

**6.12** The Proof of Claim Proof of Claim 3-1,3-2, 3-3 and 10-1 is padded with unsubstantiated and charges, designed to extract additional and substantial profits from the servicing of Plaintiffs' mortgage loan and from the property of this bankruptcy estate to the detriment of Plaintiffs and unsecured creditors.

**6.13** Claimant failed to attach any supporting documentation to support its claims for interest, Late charges, escrow shortage, inspection fees, the use of a suspense account and other fees so

noted in the proof of claim. This failure to attach supporting documentation violated Bankruptcy Rule 3001(c).

**6.14** Upon information and belief, the claimed pre-petition inspection fees, BPO, late fees, NSF fees, Advanced Attorneys' fees and costs were neither reasonable nor necessary, are not supported by time and expense records, and have been claimed in violation of Section 506(b) of the code and Bankruptcy Rule 2016(a).

**6.15** Upon information and belief, Claimant/Defendant Craig Marx, does not have standing, and has not established that he acquired the note and the mortgage as required by law and Claimant/Defendant has further failed his burden of proving the debt it alleges is owed to it.

## COUNT 2

### VII.  OBJECTION TO PROOFS OF CLAIM 7-1, 7-2, 7-3 and 11-1

**7.1** The allegations of paragraphs 1.1 through 5.18 of this Complaint are hereby re-alleged and incorporated by reference.

**7.2** Defendant Marx filed Proof of Claim Number 7-1 and subsequent amendments 7-2, 7-3 and 11-1 identifying himself as a/the creditor to which he attached an alleged copy of a promissory note and mortgage agreement payable to Bank of New York.

7.3 Proof of Claim Number 7-1 and subsequent amendments 7-2, 7-3 and 11-1 further includes a series of assignments between multiple parties, but nothing to indicate a transfer from the named lender, Bank of New York.

**7.4** The Assignments attached to the Proof of Claim Number 7-1 and subsequent amendments 7-2, 7-3 and 11-1 are not valid, and/or otherwise false document submitted to bolster the claim of Mr. Marx.

10

**7.5**     Defendant Marx and his attorney at all times relevant knew or should have known the Assignments are false documents.

**7.6**     Defendant Marx and his attorney submitted the Assignments, which the Plaintiffs allege to be false documents, for the purpose of enticing the reliance of the Court, the Debtor, Chapter 13 Trustee and all interested parties.

**7.7**     Defendant Marx and his attorney submitted the Assignments, which the Plaintiffs allege to be false documents, for the purpose of filing a false proof of claim.

**7.8**     Defendant Marx and his attorney submitted the Assignments, which the Plaintiffs allege to be false documents, for the purpose of violating 11 U.S.C. 362(a) in seeking to collect a debt not owed to Mr. Marx.

**7.9**     Plaintiff objects to the Proof of Claim Number 7-1 and subsequent amendments 7-2,7-3 and 11-1on the following grounds:

**7.10**    The Note affixed to the Proof of Claim Number 7-1 and subsequent amendments 7-2,7-3 and 11-1as per FRBP 3001(c) and FRBP 9011 are required to be a duplicate of the original. The Note attached to the proof of claim in this case is in favor of Bank of New York and is otherwise not endorsed. Despite passage of time, no further proof of indorsement or any documentation to support any connection whatsoever between Defendant Marx and the Note has been offered by way of amendment to the Proof of Claim filed by Marx.

**7.11**    The Mortgage affixed to the to the proof of claim is required and certified to be true copy of the original as per FRBP 3001(c) and 9011 to be a duplicate of the original. The Mortgage is in favor of the lender, Bank of New York, not Defendant Marx. There is no valid assignment of mortgage attached to the proof of claim except for the bogus assignments of mortgage, and

despite passage of time, the same has not been amended to include any valid assignment. The most recent assignment names the mortgagee as both Mr. Marx and Guarantee Trust Company The named creditor, Mr. Marx, does not maintain a valid lien on the Debtor's property.

**7.12** The Proof of Claim Number 7-1 and subsequent amendments 7-2,7-3 and 11-1 is padded with unsubstantiated and charges, designed to extract additional and substantial profits from the servicing of Plaintiffs' mortgage loan and from the property of this bankruptcy estate to the detriment of Plaintiffs and unsecured creditors.

**7.13** Claimant failed to attach any supporting documentation to support its claims for interest, Late charges, escrow shortage, inspection fees, the use of a suspense account and other fees so noted in the proof of claim. This failure to attach supporting documentation violated Bankruptcy Rule 3001(c).

**7.14** Upon information and belief, the claimed pre-petition inspection fees, BPO, late fees, NSF fees, Advanced Attorneys' fees and costs were neither reasonable nor necessary, are not supported by time and expense records, and have been claimed in violation of Section 506(b) of the code and Bankruptcy Rule 2016(a).

**7.15** Upon information and belief, Claimant/Defendant Craig Marx, does not have standing, and has not established that he acquired the note and the mortgage as required by law and Claimant/Defendant has further failed his burden of proving the debt it alleges is owed to it.

## COUNT 3

### VIII. LACK OF STANDING / REAL PARTY IN INTEREST

**8.1** The allegations in paragraphs 1.1 through 7.15 of this complaint are realleged and incorporated herein by this reference.

**8.2**   There is no documentation provided in any of the Proof of Claims filed by Defendant Craig Marx proving a complete chain of title from the originating lender, Bank of New York, to the Defendant Marx.

**8.3**   The creditor must prove that it is the real party in interest as the rightful owner and holder of both the Note and the Mortgage and that it has the legal right to enforce the same; Defendant Marx has failed to meet this burden.

**8.4**   There was no writing filed with the Proof of Claim demonstrating the purported creditor's interest on the property securing such claim in violation of B.R. 3001(c).

**8.5**   There is no apparent chain of transfers attached to the proof of claim to explain how or when the purported creditor came to allegedly own the Plaintiffs' loans.

**8.6**   A federal Court cannot have jurisdiction unless a party has constitutional standing. The claimant fails to provide any credible evidence as to if and when a negotiation of the Note to the Creditor ever occurred.

**8.7**   Defendant Marx is therefore, not a creditor or the real party in interest and has no standing to file proofs of claim in the Plaintiffs' bankruptcy case.

**8.8**   Defendant Marx has no constitutional standing to file its sworn proof of claim in the Plaintiff's Chapter 13 case.

**8.9**   In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of who can assert a claim as a holder, because pleading *and* standing issues which arise in the context of our federal court system. According F.R.Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the **real party in interest**.* (emphasis added)

**8.10**    A Proof of Claim is subject to Fed.Rules Bankr. Pro. 7017 which is a restatement of F. R. Civ. P. 17.

**8.11**    The Plaintiffs aver that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner* of a note. Because the actual name of the actual note owner is not stated and there is no connection between the named creditor and the copy of the Note provided, the creditor's very claim is defective.

**8.12**    In the case at bar, the claimant, Defendant Marx, establishes only that he is neither the holder nor the owner of the note. Defendant Marx fails to establish that he has a beneficial interest in the copy of the Note, or that it ever had a beneficial interest in the copy of the Note affixed to its proof of claim.

**8.13**    The United States Constitution Article III §2 specifically limits the jurisdiction of the federal courts to "Cases or Contreversies." Justice Powell delivered the Opinion of the Supreme Court in the case of Warth v. Seldin addressing the question of standing in a federal court as follows:

> In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. This query involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. In its constitutional dimension, standing imports judiciability: whether the Plaintiff has made out a ―case or controversy‖ between himself and the defendant within the meaning of Art.III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of judiciability, the standing question is whether the Plaintiff has ―alleged such a personal stake in the outcome of the controversy‖ as to warrant *his* invocation of federal –court jurisdiction and to justify exercise of the court's remedial powers on his behalf. Baker v. Carr 369 U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party…A Federal court's jurisdiction therefore can be invoked only when the Plaintiff himself has suffered ―some threat or actual injury resulting

14

from the putatively illegal action…‖ <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973).‖ <u>Warth v. Seldin</u> 422U.S.490, 498 (1975)

Apart from this minimum constitutional mandate, this Court has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers. … even when the Plaintiff has alleged injury sufficient to meet the ―case or controversy‖ requirement, this Court has held that the **Plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties**. E.g., Tilestion v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943).‖ <u>Warth v. Seldin</u> 422U.S.490, 499 (1975) (**emphasis added**)

8.14    The Plaintiffs in the instant case reiterates that a party seeking relief in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity." *<u>Coyne v American Tobacco Company</u>, 183 F.3d 488, 494 (6th Cir. 1999)*. Again, the minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. *<u>Valley Forge Christian College v Americans United for Separation of Church & State, Inc</u>., 454 U.S. 464, 473 (1982)*. Furthermore, in order to satisfy the requirements of Article III of the United States Constitution, any claimant asserting rights in a Federal Court must show he has personally suffered some actual injury as a result of the conduct of the adverse party. <u>Coyne</u>*, 183 F.3d at 494;* <u>Valley Forge,</u> *454 U.S. at 472*.

8.15    As set forth hereinabove, the Defendant Marx as a claimant can make no assertions as to his own interest in the outcome of the instant claims he asserts, nor does claimant make any mention of any perceived injury to himself.

8.16    Defendant Marx has not shown that he has any stake in the ownership of the Notes and Mortgages as either a holder or owner. Any attempt to indicate themselves as an owner of the

Plaintiff s' loans have been by way of fraudulent and misleading documents by persons who lack any personal knowledge.

**8.17**    Defendant Marx must demonstrate *how, when and from whom* it derived their alleged rights.  In re Tandala Mims, 10- 14030(mg/scc), the Hon. Judge Martin Glen denied Wells Fargo's first attempted Motion for Relief from Stay on the Court's own motion in a written opinion dated October 27, 2010.  Thereafter, Wells Fargo renewed its motion a second time, claiming, in part, possession of the original note endorsed in blank.  The court was not convinced, stating in its December 9, 2010 Order denying Wells Fargo's Renewed Motion for Relief From Stay as follows:

> "With respect to the assignment of the note and mortgage, the October 27 Opinion stated: 'An assignment in anticipation of bringing a lift-stay motion does not in and of itself indicate bad faith. However, in the absence of a credible explanation, *describing how, when and from whom Wells Fargo derived its rights, relief from the stay will not be granted.*' Mims, 438 B.R. at 57 (emphasis added). The Renewed Motion provides some but not all of this information."

A copy of Judge Glenn's order denying Wells Fargo's Renewed Motion for Relief from Stay appears in the Mims ECF Docket as Document #42.

**8.18**    In the instant case as in the Mims case, there is a complete lack of any credible explanation describing how, when and from whom Defendant Marx derived its rights.  There is a clear question of fact as to the issue of Defendant Marx's standing to bring a claim.

**8.19**    To the extent Marx filed the Proofs of Claim at issue, the same constitutes a gross and willful violation of the Automatic Stay pursuant to 11 U.S.C. section 362(a)(3) by the Defendant.

**8.20**    As a result of the violation of the automatic stay as described herein, the Defendant Marx is liable to the Plaintiffs for actual damages, punitive damages and legal fees under 362(k)(1) of the Bankruptcy Code.

## IX.    CLAIM FOR RELIEF: DECLARATORY JUDGMENT

**9.1**    The allegations in paragraphs 1.1 through 8.20 of this complaint are realleged and incorporated herein by this reference.

**9.2**    At no time relevant to the allegations herein was Defendant Marx the actual holder and the lawful owner of the mortgage note originally signed by the Plaintiffs .

**9.3**    Therefore, the Defendant has no constitutional standing to file a claim or otherwise participate in this Chapter 13 proceeding.

**9.4**    Because the Defendant is not the actual holder and lawful owner or assignee of the mortgage, Defendant has no security interest, and no right to seek to collect money from Plaintiffs .

**9.5**    As a result thereof the Defendants should be ordered to pay back to the Chapter 13 Trustee all funds received on the arrearage claim and all funds received from the Plaintiff in the form of direct mortgage payments, pre and post petition.

**9.6**    Plaintiffs seek a declaratory judgment holding that Marx has no enforceable secured or unsecured claim against the property of the estate in bankruptcy; and

**9.7**    Plaintiffs also seeks a judgment declaring all of the Defendant's claimed security interests void pursuant to 11 U.S.C. § 506(d).


**WHEREFORE**, Plaintiff prays:

A. That the Court disallow, expunge and strike the Proofs of Claim Number 3-1, 3-2, 3-3, 10-1, 7-1, 7-2, 7-3, 11-1;

17

B. That the Court direct the Chapter 13 Trustee to strike the Proofs of Claim Number 3-1, 3-2, 3-3, 10-1, 7-1, 7-2, 7-3, 11-1;

C. That Defendant Marx be precluded from filing any amended, modified, or substitute claim in this case;

D. That the alleged arrearages contained in the Proofs of Claim Number 3-1, 3-2, 3-3, 10-1, 7-1, 7-2, 7-3, 11-1 be canceled and forever discharged;

E. That Defendant Marx be required to pay legal fees and expenses to the attorney for Plaintiffs ;

F. That the Defendant Marx provide a complete accounting of the Debtors' mortgage loans account, forthwith.

G. That Defendant's claimed security interest be declared void pursuant to 11 U.S.C. § 506(d); and

H. That Plaintiffs have such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiffs prays that the Court grant the relief requested herein.

This the 27th Day of March, 2013

RESPECTFULLY SUBMITTED,
/S/ LINDA M. TIRELLI
Linda M. Tirelli, Esq.
Garvey Tirelli & Cushner, Ltd.
Attorney for Debtor
50 Main Street, Suite 390
White Plains NY 10606
Phone: (914)946-2200/Fax: (914)946-1300