Brian McCaffrey Attorney at Law, P.C.
Attorney for Creditor/Movant
88-18 Sutphin Boulevard, 1st Floor
Jamaica, NY 11435
PH (718) 480-8280

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

----------------------------------------------------------------------X
**In Re**
RONALD DECONNE                                           CASE No: 12-22199(RDD)
KARIN DECONNE
                                                         CHAPTER 13
            DEBTORS.
------------------------------------------------------------------------X
**RONALD DECONNE AND**
**KARIN DECONNE**
                                                         AP CASE No.: 13-8213
            **PLAINTIFFS**

            V.

**CRAIG MARX**

            **DEFENDANT.**
----------------------------------------------------------------------X

_____

**ANSWER OF THE CREDITOR/DEFENDANT, MR. CRAIG MARX, AS PER B.K. RULE 7012, TO THE COMPLAINT OF THE DEBTORS IN THE ABOVE CAPTIONED ADVERSARY PROCEEDING AND COUNTER-CLAIM AGAINST THE DEBTORS/PLAINTIFFS, AS PER B.K. RULE 7013**
_____

<u>In Reply to Paragraphs numbered 1.1 through 1.5 of Debtors/Plaintiffs' Complaint:</u>

1. The Plaintiffs/Debtors/Deconnes (hereinafter the "Debtors", Plaintiffs" or "Deconnes") have not suffered any actual damages and there is no cause to render punitive damages against Defendant/Craig Marx (hereinafter "Marx") because he has not caused any

damages to the Debtors. Marx purchased the two mortgages and promissory notes, actionable under Debtors' complaint, (hereinafter the "Mortgage Loans") in good faith, for value. He has a bona fide right to enforce and demand payment thereon. The proof of claims Marx filed with this Court are legitimate. After due diligence and inquiry Marx purchased the Mortgage Loans and has reasonable belief that the monies due thereon are payable by the Debtors. The proofs of claims filed by Marx are <u>not</u> false. There are two proofs of claims filed by Marx in the Debtors' ch. Case no. 12-22199 as follows:

| <u>Claim No.</u> | <u>Date Filed</u> | // | <u>Claim No</u>. | <u>Dated Filed</u> |
|---|---|---|---|---|
| 3-1 | 2/20/12 | | 7-1 | 3/12//12 |
| 3-2 | 3/13/12 | | 7-2 | 3/13/12 |
| 3-3 | 5/16/12 | | 7-3 | 5/16/12 |
| 10-1 | 9/25/12 | | 11-1 | 9/25/12 |

Claim nos. 3-1, 3-2, 3-3 and 10-1 are amended claims all relating to the same Mortgage and Promissory Note dated May 20, 2006 in the sum of $430,000.00 borrowed by the Debtors. Claim nos. 7-1, 7-2, 7-3 and 11-1 are amended claims all relating to the same Mortgage and Promissory Note dated Jan. 22, 2004 in the sum of $400,000.00 borrowed by the Debtors. In brief the claims were amended to add more documents to substantiate and clarify the claims as in the Creditor's possession. The amendments/additions were made at this Court's suggestion at the confirmation hearing held on or about 3/21/12 and at Debtor's counsel's requests. Also, to remove "Equity Trust Company Custodian FBO Craig Mark IRA" as a partial creditor and name only "Craig Marx" as the creditor. Before Marx purchased the Mortgage Loans he communicated with JP Morgan Chase Bank (hereinafter "Chase" or "JP Morgan Chase Bank") and Linear Mortgage Group

LLC.  Marx was informed that the Debtors were possibly seeking to deed the Premises back to the bank in satisfaction of the outstanding loans.  After purchasing the Mortgage Loans Marx spoke with the Deconnes about paying them approximately $10,000.00 to sign the deed over to him (this was well before any court actions had commenced).  The Deconnes were receptive to this proposal as they had already moved out of the Premises and were living with their son.

<u>In Reply to Paragraphs numbered 2.1 through 2.2 of Debtors/Plaintiffs' Complaint:</u>

2. Admit.

<u>In Reply to Paragraphs numbered 3.1 through 3.5 of Debtors/Plaintiffs' Complaint:</u>

3. Admit.

<u>In Reply to Paragraphs numbered 4.1 of Debtors/Plaintiffs' Complaint:</u>

4. Admit.

<u>In Reply to Paragraphs numbered 5.1 through 5.18 of Debtors/Plaintiffs' Complaint:</u>

5. 1)    Plaintiffs are the owners of the premises known as and located at 47 Nimitz Rd. Yonkers, N.Y. 10701 (hereinafter the "Premises") and have claimed it as their primary residence.  Upon information and belief the Premises is not the Plaintiffs' primary residence.  Rather, Plaintiffs reside at 106 Catskill Ave. Yonkers, N.Y. with their son, Ronald Deconne Jr.

   2)    Admit.

   3)    Admit.

   4)    Admit

   5)    Admit.

   6)    Marx has standing to enforce the terms of the Mortgage Loans.

7) Admit.

8) Marx is in possession of the original mortgages and promissory notes. He paid valid consideration for them and they were transferred to him with the intent to convey the authority to enforce them.

9) "Equity Trust Company" is a investment/retirement plan.

10) Admit.

11) This statement calls for a determination of fact and a conclusion of law and outside the scope of pleadings and to that extent Marx cannot reply.

12) Admit in part. However, these amended proofs of claim also contain an allonge to the Promissory Note and two Assignments of Mortgage 1) from JP Morgan Chase Bank, N.A. as Successor by merger to the Bank of New York to Linear Mortgage Group LLC and; 2) from Linear Mortgage Group LLC to Marx. Both Assignments also the underlying debt obligation, to wit, the Promissory Notes, stating "with the Note and Other obligations secured thereby, and together with the money due and to become due…"

13) As counsel to Marx I cannot distinctly recall the conversation alleged by Debtors' counsel. When Marx first came to my office he brought copies of the documents (Mortgage Loans) he purchased. For a brief period I may have been under the impression that Marx only had copies and not originals. Nevertheless, Marx is in possession of the original notes and mortgages as filed in his proofs of claim referenced herein above.

14) As acknowledged in Plaintiffs' complaint the promissory notes presented for inspection to their counsel are originals. That pages of one (1) of the notes state "lender copy and another "borrower copy" does not render it defective.

15) Claims 7-1, 7-2 and 7-3 collectively amended and filed again under claim no. 11-1 included assignments of the mortgage and promissory note 1) from JP Morgan Chase Bank, N.A. as Successor by merger to the Bank of New York <u>to</u> Linear Mortgage Group LLC and; 2) from Linear Mortgage Group LLC <u>to</u> Marx.

16) The Affidavit of Lost Note does not undermine the validity of Marx's claim.

17) As counsel to Marx I cannot distinctly recall the conversation alleged by Debtors' counsel. When Marx first came to my office he brought copies of the documents (Mortgage Loans) he purchased. For a brief period I may have been under the impression that Marx only had copies and not originals. Nevertheless, Marx is in possession of the original notes and mortgages as filed in his proofs of claim referenced herein above.

18) Marx is in possession of the original note and mortgage as a provided to Debtors' counsel for inspection and copying.

<u>In Reply to Paragraphs numbered 6.1 through 6.15 of Debtors/Plaintiffs' Complaint:</u>

6. Claims no. 3-1 and its subsequent amendments (claims nos. 3-2, 3-3 and 10-1) are all based on the same mortgage loan dated 5/20/06 in the sum of $430,000.00 borrowed by the Debtors. These claims were filed in good faith by Marx based on the reasonable and firm belief that he is either/all the "owner", "holder" or "non-holder in possession" (however said legal definitions may be applied and decided) of the mortgage and promissory note. There is a valid chain of title from the Mortgage Loan originator to Marx and he has authority to enforce the Mortgage Loan, by demanding payment thereon or foreclosing upon the Premises pledged as collateral therein. Transfer of the Mortgage Loan is evidenced by 1) an assignment from "JP Morgan Chase Bank, N.A. Successor by

merger to the Bank of New York" <u>to</u> "Linear Mortgage Group LLC" and; 2) from "Linear Mortgage Group LLC" <u>to</u> "Equity Trust Company Custodian FBO Craig Marx IRA, 50% Undivided Interest & Craig Marx 50% Interest".  Upon information and belief, JP Morgan Chase Bank became the owner of numerous mortgage loans originated by the Bank of New York during an asset purchase/transfer and both of the underlying Mortgage Loans at issue herein were part of that transfer.  This explains why Marx is not in possession of an assignment from Bank of New York to Chase.  The assignments from Chase to Linear and Linear to Marx are valid.  Each assignment transfers ownership of the mortgage and note.  Reference is made to the loan no., its amount, the origination date, the borrowers and the real property encumbered thereby.  They are executed with the requisite formality.  The note and mortgage filed in the proofs of claims are duplicates of the originals. The sums listed totaling the outstanding balance due on the note are calculated in accordance with the terms of the mortgage and note and are accurate to within a reasonable degree of certainty.  An account transaction summary is provided in proof of claim 10-1.

<u>In Reply to Paragraphs numbered 7.1 through 7.15 of Debtors/Plaintiffs' Complaint:</u>

7. Claim no. 7-1 and its subsequent amendments (claims nos. 7-2, 7-3 and 11-1) are all based on the same mortgage loan dated 1/22/04 in the sum of $400,000.00 borrowed by the Debtors.  These claims were filed in good faith by Marx based on the reasonable and firm belief that he is either/all the "owner", "holder" or "non-holder in possession" (however said legal definitions may be applied and decided) of the mortgage and promissory note.  There is a valid chain of title from the Mortgage Loan originator to

Marx and he has authority to enforce the Mortgage Loan, by demanding payment thereon or foreclosing upon the Premises pledged as collateral therein.  Transfer of the Mortgage Loan is evidenced by 1) an assignment from "JP Morgan Chase Bank, N.A. Successor by merger to the Bank of New York" <u>to</u> "Linear Mortgage Group LLC" and; 2) from "Linear Mortgage Group LLC" <u>to</u> "Equity Trust Company Custodian FBO Craig Marx IRA, 50% Undivided Interest & Craig Marx 50% Interest".  Upon information and belief, JP Morgan Chase Bank became the owner of numerous mortgage loans originated by the Bank of New York during an asset purchase/transfer and both of the underlying Mortgage Loans at issue herein were part of that transfer.  This explains why Marx is not in possession of an assignment from Bank of New York to Chase.  The assignments from Chase to Linear and Linear to Marx are valid.  Each assignment transfers ownership of the mortgage and note.  Reference is made to the loan no., its amount, the origination date, the borrowers and the real property encumbered thereby.  They are executed with the requisite formality.  The note and mortgage filed in the proofs of claims are duplicates of the originals. The sums listed totaling the outstanding balance due on the note are calculated in accordance with the terms of the mortgage and note and are accurate to within a reasonable degree of certainty.  An account transaction summary is provided in proof of claim 11-1.

<u>In Reply to Paragraphs numbered 8.1 through 8.20 of Debtors/Plaintiffs' Complaint:</u>

8. As stated in paragraphs "6" and "7" herein above, the proof of claims filed by Marx clearly evidence his right to file such claims and his evidentiary chain of title and ownership to the Mortgage Loans.  Marx is in physical possession of two (2) original

mortgages and two (2) original promissory notes each executed by the Debtors, Ronald J. Deconne Sr. and Karin B. Deconne. As per claim no. 10-1 Debtors borrowed $430,000.00 from The Bank of New York on May 20, 2006 and pledged their Premises at 47 Nimitz Rd. Yonkers, N.Y. as collateral. Upon information, documentation and belief, the Debtors defaulted on the monthly payments obligated therein, on or about March 2009. As per claim no. 11-1 Debtors borrowed $400,000.00 from The Bank of New York on Jan. 22, 2004 and pledged their Premises at 47 Nimitz Rd. Yonkers, N.Y. as collateral. Upon information, documentation and belief, the Debtors defaulted on the monthly payments obligated therein, on or about April 2009. Via a merger, sale and/or transfer of assets from The Bank of New York to JP Morgan Chase Bank both of these Mortgage Loans were transferred to the ownership Chase. Thereafter, both of the Mortgage Loans were sold, assigned and transferred to Linear Mortgage Group LLC. Thereafter Linear sold, assigned and transferred the Mortgage Loans to Marx. Debtors' counsel has been provided with a copy of the purchase and sale agreement (of the Mortgage Loans) from Linear to Marx. Assignments of the Mortgages and Promissory Notes are included in Marx' proofs of claims. Upon information and belief, each party in the chain of title prior to Marx (Bank of New York, Chase and Linear) did physically transfer possession of the documents to its successor in interest and intended to transfer all right, title and interest, including but not limited to the authority to demand payment and/or foreclose. Marx concedes that the Promissory Notes are not indorsed. Nevertheless, Marx has standing to appear in this action. Marx is the real party in interest entitled to enforce the Mortgage Loan documents as a creditor. Marx can demonstrate to this Court that he is either a "holder" or a "non-holder in possession" of the Mortgage

Loans.

<u>In Reply to Paragraphs numbered 9.1 through 9.7 of Debtors/Plaintiffs' Complaint:</u>

9. Marx is either the holder or non-holder in possession of the Mortgage Loans.  He is in possession of the original documents for which he paid valuable consideration and received transfer of all rights, title and interest thereto.  Marx has not received any payments from either the Debtors nor the chapter 13 trustee.

**WHEREFORE**, Defendant, Marx, respectfully requests that this Court dismiss the Plaintiffs' complaint in its entirety, acknowledge his proofs of claim as valid and compel the Debtor's to file a new and feasible chapter 13 plan that pays 100% of the claimed arrears on these Mortgage Loans or dismiss the underlying bankruptcy case no. 12-22199 and for such other and further relief as this Court deems equitable.

**DEFENDANT'S COMPLAINT/ <u>COUNTER-CLAIM</u> AGAINTS THEPLAINTIFFS/DEBTORS FOR SANCTIONS AND DECLARATORY RELIEF**

1. The Debtors borrowed $400,000.00 from The Bank Of New York on Jan. 22, 2004 and pledged their real property known as and located at 47 Nimitz Rd. Yonkers, New York as collateral (hereinafter the "Premises").  The loan was in the form of an equity line of credit.  The Debtors executed a mortgage and a promissory note memorializing this transaction.  The mortgage was recorded with the Westchester County Clerk's Office on 6/23/04 under Control Number 441410968.  Typically, a borrower may draw on an

equity line of credit over time in varying withdrawals or may withdraw the entire sum loaned in a lump sum.

2. On or about 5/20/06 the Debtors borrowed $430,000.00 from The Bank of New York, pledging the Premises as collateral. Upon information, documentation and belief, $402,010.97 of this second loan proceeds was used to pay-off and close out the 1/22/04 equity line of credit and the remainder ($27,989.03) was paid to the Deconnes. Upon information, tradition and belief, the Deconnes would have been required to execute affidavits at the 5/20/06 closing pledging to permanently close the 1/22/04 line of credit and make no further withdrawals thereon. Demands for such closing documents have been made to United Land Abstract Services (the title insurance closing agent) and to Fidelity National Title Insurance Co. (the title insurance underwriter). Both parties claim that <u>no</u> documentation on this closing is in their possession.[1]

3. Upon information, documentation and belief, the Debtors continued to draw of the 2004 equity line of creditor contrary to their pledge to close the account. As a result of these unauthorized withdrawals the Debtors incurred an additional balance of $399,977.97. Creditor/Marx relied on the validity of this debt when he purchased the 2004 Mortgage Loan. If this loan is deemed to be voidable, invalid, expugnable etc. over the course of this bankruptcy case and adversary proceeding then, Marx alleges that it is wholly or partially caused as a result of the inequitable and unauthorized withdrawals by the Deconnes.

---

[1] Marx has made a motion to compel such discovery under B.K. Rule 2004, but the motion was denied by this Court.

4. The Debtors claim that 47 Nimitz Rd. Yonkers, N.Y. is their primary residence. Upon information, documentation and belief the Debtors' primary residence is 106 Catskill Ave. Yonkers, N.Y. The Debtors claim otherwise lacks good faith and is done to enable them to potentially strip off the second mortgage lien on the Premises and/or garner the sympathy of this Court. under In order for a property to qualify as a debtor's principal residence there must be: 1) actual physical occupancy of property as the debtor's residence on a regular basis and; the intent to reside there permanently. In Re Stanly, 461 B.R. 161 (Bankr. E.D.N.Y. 2011).

**WHEREFORE**, Marx, as counter-claimant, respectfully requests this Court to dismiss the complaint of the Debtors as filed against him and to dismiss the Debtors bankruptcy case based on a lack of good faith filing and inequitable acts of the Deconnes and issue a declaratory judgment allowing the claims of Creditor Marx's Mortgage Liens and for attorney's fees.

Dated: 4/29/13

                                                Respectfully Submitted

                                                /s/ Brian McCaffrey

                                                _____

                                                Brian McCaffrey, Esq.
                                                Attorney for Creditor/Craig Marx
                                                88-18 Sutphin Blvd.
                                                Jamaica, N.Y. 11435
                                                Ph: (718) 480-8280
                                                Fx: (718) 480-8279
                                                Email: info@mynylawfirm.com