IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

------------------------------------------------------------------------X
In Re
RONALD DECONNE                                              CASE No: 12-22199(RDD)
KARIN DECONNE
                                                                                                                    CHAPTER 13
        DEBTORS.
------------------------------------------------------------------------X
RONALD DECONNE AND
KARIN DECONNE
                                                                                                                     AP CASE No.: 13-08213 (RDD)
        PLAINTIFFS

        V.

CRAIG MARX

        DEFENDANT.
_____X
CRAIG MARX

        THIRD PARTY PLAINTIFF,

        V.

THE BANK OF NEW YORK MELLON CORPORATION;
JP MORGAN CHASE & CO.;
LINEAR MORTGAGE GROUP, LLC;
FIDELITY NATIONAL TITLE INSURANCE COMPANY;
UNITED LAND ABSTRACT SERVICES CORP.;

        THIRD PARTY DEFENDANTS.
------------------------------------------------------------------------X

_____
**THIRD PARTY COMPLAINT**
_____

    Defendant/Third Party Plaintiff, Craig Marx, brings this Third Party Complaint against The

Bank of New York Mellon Corporation, JP Morgan Chase & Co., Linear Mortgage Group LLC,

Fidelity National Title Insurance Company and United Land Abstract Services Corp., pursuant to Fed. R. Bankr.P. Rule 7014 because they may be liable for damages to the Third Party Plaintiff for any portion of the debt which may be deemed unsecured, dischargeable, void or otherwise uncollectable, and The Bank of New York Mellon Corporation, JP Morgan Chase & Co., or Linear Mortgage Group (individually or collectively) may be necessary parties for the administration of the Debtors' bankruptcy estate.

Defendant/Third Party Plaintiff, Craig Marx relied upon information provided by these Third Party Defendants in preparing and submitting his claim as it pertains to the security interests in the Debtors' property and amounts owed by the Debtors on the two (2) mortgages and promissory notes. Any damages resulting from Marx's detrimental reliance upon the information created and provided by these Third Party Defendants should be borne by the Third Party Defendants.

To the extent that Third Party Defendants would claim that Marx had an obligation to validate his claim through due diligence, Marx's due diligence included receipt of documentation and representations made by the Third Party Defendants made for the purpose of inducing Marx to purchase the two (2) mortgages and promissory notes and later to assist in validating the claim. Thus the Third Party Defendants are necessary parties to this action.

Nowhere in any filings before this Court do the DeConne's claim that they did not borrow the money secured by the two (2) mortgages against their property located at 47 Nimitz Rd. Yonkers, New York (hereinafter the "Premises"). Nor do they make any claim that they have paid off any substantial portion of the debt secured by the mortgages or that any other entity has ever come forward claiming the right to enforce the notes and mortgages. Moreover, it is clear that the intent of the Third Party Defendants was to transfer all rights, title and interests to the ultimate and current holder of the notes and mortgages, Craig Marx. In the event this Court accepts the preposterous notion that by applying a

novel approach to the law and exploiting technicalities in paperwork the DeConnes are somehow entitled to a windfall magical gift in the form of a free house, Marx seeks to interplead the Third Party Defendants to ascertain their liability in participating in transfers which may be deemed invalid by this Court.

The DeConne's come before this Court claiming that they "don't know who to pay" and ask this Court to extinguish the mortgages. The DeConne's have not made any claim that the originator (The Bank of new York), did not loan the money, in fact it is clear that the DeConne's did in fact borrow the money from the Bank of New York and did in fact benefit from the money borrowed.  If this Court accepts the Debtors' arguments that the chain of title of the Collateral Documents to Creditor/Marx is invalid then, logic must lead us to the conclusion that the mortgages secured against the Premises are still owned by the Bank of New York, and therefore The Bank of New York would have the ability to effect a transfer to Craig Marx and this Court could direct such a transfer as relief to this Complaint.

## **PARTIES**

1. Defendant/Third Party Plaintiff, Craig Marx, ("Plaintiff" or "Marx"), is an individual residing in New York, NY.

2. Third Party Defendant, The Bank of New York Mellon Corporation, is a Delaware Corporation with a principal place of business in New York, New York. Bank of New York Mellon is the successor by merger to The Bank of New York (collectively hereinafter "BONY") which originated both of the mortgages which are the subject of the adversary complaint against Marx.

3. Third Party Defendant JP Morgan Chase & Co., is a Delaware Corporation with a principal place of business in New York, New York. JP Morgan Chase National Association is a wholly owned

subsidiary of JP Morgan Chase & Co., and was the successor from the The Bank of New York as it pertains to the two mortgages at issue in the adversary proceeding.

4. Third Party Defendant Linear Mortgage Group LLC ("Linear") was a Florida Corporation doing business in New York and sold the mortgages to Marx.

5. Third Party Defendant Fidelity National Title Insurance Company ("Fidelity") is a California Corporation doing business in New York. Fidelity participated in the closing of the 2006 mortgage at issue in the adversary proceeding.

6. Third Party Defendant, United Land Abstract Services Corp. ("United") is a New York Corporation and conducted the closing for the 2006 mortgage at issue in the adversary proceeding.

## JURISDICTION

7. This matter is properly before the Court pursuant to 28 U.S.C. § 1334. This matter is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2).

## VENUE

8. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## BACKGROUND

9. On or about February 1, 2012 the Plaintiffs filed a petition with the United States Bankruptcy Court for protection under Chapter 13 of the United States Bankruptcy Code and were assigned case number 12-22199(rdd).

10. Since that filing and at all times relevant, the Debtors claim to be the owners of a single family house located at 47 Nimitz Road, Yonkers, New York 10710 (hereinafter the "Property") which the Plaintiffs claim as their primary residence.

11. Upon information and belief the Debtors moved out of the Nimitz Road home and moved into their sons home at 106 Catskill Avenue, Yonkers sometime in 2010 or before and do not currently live in the property and are therefore claiming it as their primary residence erroneously.

12. On or about September 25, 2012 Proof of Claim number 10-1 was filed amending claim 3-1, 3-2 and 3-3 to indicate a sole creditor, namely Mr. Craig Marx.

13. On or about September 25, 2012 Proof of Claim number 11-1 was filed amending claim 7-1, 7-2 and 7-3 to indicate a sole creditor, namely Mr. Craig Marx.

14. At all times relevant since the Debtors filing of the Bankruptcy petition, Marx has been in possession of the Original Notes secured by two mortgages against the Debtors' property and has the right to enforce the Notes pursuant to UCC § 3-301.

15. Claim number 10-1 arises out of a mortgage dated May 20, 2006, executed by Ronald J. DeConne, Sr. and Karin DeConne as mortgagors to The Bank of New York, as mortgagee, to secure the sum of $430,000.00 (the "2006 mortgage"). Marx relied on information provided to him by the Third Party Defendants and documents recorded by the Third Party Defendants in the public record in purchasing this mortgage and preparing his claim in the DeConne bankruptcy.

16. Claim number 11-1 arises out of mortgage dated January 22, 2004, executed by Ronald J. DeConne, Sr. and Karin DeConne as mortgagors to The Bank of New York, as mortgagee, to secure the sum of $400,000.00 (the "2004 mortgage"). Marx relied on information provided to him by the Third Party Defendants and documents recorded by the Third Party Defendants in the public record in purchasing this mortgage and preparing his claim in the DeConne bankruptcy.

17. On or about March 27, 2013 the Debtors' filed an Adversay Complaint against Marx for the purpose of determining the amount of the allowed secured claim filed by Marx.

18. In their Complaint the Debtors' allege that Marx's claim is the result of improper accounting, improper add on charges and fees, a false proof of claim and Marx's misrepresentation of the owner of the Debtors' Mortgage Loan and the identity of the real party in interest

## ADDITIONAL FACTS

19. The Third Party Defendants have sold, assigned and otherwise transferred the Note and Mortgage in Claim 10-1 as follows:

    a. The Bank of New York originated the 2006 mortgage on May 20, 2006 and caused it to be recorded on September 5, 2010 in the Official Records of Westchester County, New York under Control Number: 462300946.

    b. Said Mortgage was assigned from JP Morgan Chase Bank, N.A. as successor by merger to Linear Mortgage Group LLC by way of an assignment of mortgage dated August 3, 2010 and recorded on September 14, 2010 in the Official Records of Westchester County, New York under Control Number: 502513098.

    c. Said mortgage was assigned from Linear Mortgage Group LLC to Equity Trust Company Custodian FBO Craig Marx IRA, 50% Undivided Interest & Craig Marx, 50% Interest by way of an assignment of mortgage dated August 20, 2010 and recorded on September 14, 2010 in the Official Records of Westchester County, New York under Control Number: 502513113.

20. The Third Party Defendants have sold, assigned and otherwise transferred the Note and Mortgage in Claim 11-1 as follows:

    a. The Bank of New York originated the 2004 mortgage on January 22, 2004 and caused it to be recorded on June 23, 2004 in the Official Records of Westchester County, New York under Control Number: 441410968.

    b. Said Mortgage was assigned from JP Morgan Chase Bank, N.A. as successor by merger to Linear Mortgage Group LLC by way of an assignment of mortgage dated August 3, 2010 and recorded on September 14, 2010 in the Official Records of Westchester County, New York under Control Number: 502513130.

    c. Said mortgage was assigned from Linear Mortgage Group LLC to Equity Trust Company Custodian FBO Craig Marx IRA, 50% Undivided Interest & Craig Marx, 50% Interest by way of an assignment of mortgage dated August 20, 2010 and recorded on September 14, 2010 in the Official Records of Westchester County, New York under Control Number: 502513141.

21. The Debtors' claim with respect to both mortgages "The purported promissory note names the lender as "The Bank of New York" and bears no further endorsement."

22. The Debtors' claim that they are unable to verify the claims filed by "Craig Marx and cannot identify with any sense of confidence any right of the purported creditors to enforce the Debtors' Mortgage and Note and therefore cannot ascertain the proper party(s) to remit post-petition payments.

23. Debtor's may have fraudulently drawn funds from the home equity line of credit after causing Fidelity, United and BONY to fund the 2006 mortgage and issue a title insurance policy insuring the secured 1st lien position of the new loan taken out on May 20, 2006.

24. The drawing of funds after the closing out of the 2004 mortgage (HELOC) is the direct result of the actions, negligence and possible fraud of one or more of the Third Party Defendants and/or the Debtors'.

25. After performing due diligence the Creditor, Craig Marx, relied on the fact that there were two (2) valid mortgages secured against the property at 47 Nimitz Road, Yonkers, NY.

26. The Third Party Defendants participated in originating, creating, transferring, securing, selling, assigning and causing the public record to contain information regarding the two (2) mortgages and notes purchased by Craig Marx. Said information caused Craig Marx to file proofs of claim 10-1 and 11-1 in the Debtor's bankruptcy case.

<b><u>COUNT I</u></b>

**(Objection to Proof of Claim 10-1/Declaratory Relief)**

27. Marx restates the allegations contained in paragraphs 1 through 26.

28. The DeConnes are the obligors on the Notes.

29. Marx is in possession of the Original Notes and has the right to enforce the Notes pursuant to UCC § 3-301.

30. In the event the Mortgages and Notes are invalidated by this Court then, the Third party Defendants are obligated to make Marx whole on the loss of his investment.

31. Marx seeks a declaratory judgment pursuant to Fed.R.Bank.P. 7001(9) and 28

U.S.C. § 2201 that Marx is entitled to hold Third Party Defendants liable in full for any and all amounts recovered against Marx by the Debtors in Count I of the Adversary Complaint including any reduction in the amount of the debt owed.

## COUNT II

**(Objection to Proof of Claim11-1/Declaratory Relief)**

32. Marx restates the allegations contained in paragraphs 1 through 31.

33. The DeConnes are the obligors on the Notes.

34. Marx is in possession of the Original Notes and has the right to enforce the Notes pursuant to UCC § 3-301.

35. In the event the Mortgages and Notes are invalidated by this Court then, the Third party Defendants are obligated to make Marx whole on the loss of his investment.

36. Marx seeks a declaratory judgment pursuant to Fed.R.Bank.P. 7001(9) and 28

U.S.C. § 2201 that Marx is entitled to hold Third Party Defendants liable in full for any and all amounts recovered against Marx by the Debtor in Count II of the Adversary Complaint including any reduction in the amount of the debt owed.

## COUNT III

**(Lack of Standing/Real Party in Interest/Promissory Notes/Declaratory Relief)**

37. Marx restates the allegations contained in paragraphs 1 through 36.

38. The DeConnes have defaulted under the terms and conditions of the Notes and Mortgages by failing to pay all the amounts outstanding and due under the Notes.

39. Judgment should be entered in favor of Marx and against the DeConnes under the terms of the Notes and Mortgages in an amount to be determined, plus interest and costs of collection, including reasonable attorneys' fees.

40. In the event Marx is found not to have standing, not to be a party in interest, or his security interest is deemed to be invalid, Third Party Defendants are obligated to Marx to make him whole.

41. Marx seeks a declaratory judgment pursuant to Fed.R.Bank.P. 7001(9) and 28 U.S.C. § 2201 that Marx is entitled to a declaratory judgment holding that Third Party Defendants are liable in full for any and all amounts recovered against Marx by the Debtor in Count III of the Adversary Complaint including any reduction in the amount of the debt owed.

## COUNT IV

**(Claim for Relief/Declaratory Judgment)**

42. Marx restates the allegations contained in paragraphs 1 through 41.

43. Third Party Defendants, Fidelity, United and BONY participated in the closing of title on the 2006 mortgage by providing funding, insuring title and providing the closing services necessary to enable the transaction to be funded.

44. Fidelity and United issued a title policy of insuring that the 2006 mortgage would enjoy a secured 1st lien status with no exception for the 2004 mortgage which stood as a lien on the property at the time that the policy was issued.

45. At the closing of the 2006 BONY mortgage, a check was written out of proceeds to The Bank of New York which was meant to pay off and close out the 2004 BONY Home Equity Loan.

46. Fidelity, United and BONY set aside standard business practices to allow a Bank of New York employee, namely Debtor/Ronald DeConne Sr. to close the 2006 BONY mortgage without

implementing the normal policies, procedures and protections required when closing out a Home Equity Loan ("HELOC") - specifically the 2004 BONY mortgage.

47. Fidelity, United and BONY's normal business practices require that when a closing agent is closing a refinance transaction that is supposed to pay off and close out a HELOC they are to do the following to insure that the new mortgage enjoys 1st lien position:

   a. Mortgagor is to sign an affidavit averring to the knowledge that they are closing out the HELOC and will not draw any more funds after the closing.

   b. Mortgagor is to sign a letter addressed to the HELOC lender directing them to close out the account as of the day of the refinance closing

   c. Mortgagor is to hand over any and all checks in their possession related to the HELOC account and sign an affidavit that they have in fact done so.

48. Because Fidelity, United and BONY did not adhere to their own policies and procedures for closing out a HELOC loan the 2004 BONY mortgage remained open.

49. Due to the negligence of Fidelity, United and BONY the DeConnes were able to draw more funds from the 2004 mortgage subsequent to the 2006 closing in the amount of $400,000.00.

50. Ronald DeConne Sr. a Bank of New York employee should have been aware that this additional drawing of funds from the 2004 BONY mortgage was not permitted, thus his actions should be deemed fraudulent by this Court.

51. Fidelity, United and BONY way of their negligence and willful disregard for their own policies and procedures as well as long standing good business practices in the banking and title industry are directly responsible for the continued existence of the 2004 BONY mortgage as a lien against the property.

52. Because Marx did not know the circumstances surrounding the 2006 closing and the circumstances not being disclosed by any of the Third Party Defendants, he relied upon the public record to insure

that the 2004 BONY mortgage was in fact a valid recorded lien against the property. As a result Marx was induced to buy the 2004 note and mortgage along with the 2006 note and mortgage.

53. Marx is entitled as the assignee of the 2006 mortgage to the protections given in the title policy of insurance covering the 2006 mortgage.

54. Because the 2004 mortgage should have been closed out by Fidelity, United and BONY leaving the 2006 mortgage in a secured 1st lien position, Fidelity, United and BONY are liable to Marx for the full outstanding balance of the 2004 mortgage.

55. Marx seeks a declaratory judgment holding that Fidelity, United and BONY were negligent and willfully disregarded their own policies and procedures as well as long standing good business practices in not closing out the 2004 mortgage.

56. Marx seeks a declaratory judgment holding that Fidelity, United and BONY are liable in full for any and all amounts recovered against Marx by the Debtor in connection with the 2004 mortgage including its being voided, extinguished or otherwise unenforceable.

57. Marx seeks a declaratory judgment holding that Fidelity, United and BONY are liable to Marx for the full amount owed on the 2004 mortgage.

58. The Debtor's are attempting to avoid the secured claims of Creditor, Craig Marx and in so doing would cause harm to a secured creditor.

59. The Debtor's claims if found to be true, would shed light on a possible fraud perpetrated on Marx by one or more of the Third Party Defendants which caused him to file proofs of claims against the Debtors' estate.

60. The Third Party Defendants named herein have participated in activities which the Creditor relied upon in making an investment in the two (2) mortgages secured against the property at 47 Nimitz Road, Yonkers, NY and the two (2) promissory notes.

61. Upon information and belief the Mortgage and Note securing the home equity line of credit referenced in Claim 10-1 was intended to be paid off and closed-out by the refinance that occurred on May 20, 2006.

**WHEREFORE,** Defendant/Third Party Plaintiff, Craig Marx prays that this Court enter judgment as follows:

A. On Count I, enter judgment in favor of Craig Marx and against Third Party Defendants for any and all amounts awarded to the DeConne's against Craig Marx in Count I of the Adversary Complaint;

B. On Count II, enter judgment in favor of Craig Marx and against Third Party Defendants for any and all amounts award to the DeConne's against Craig Marx in Count II of the Adversary Complaint;

C. On Count III, enter judgment in favor of Craig Marx holding that Third Party Defendants are liable in full for any and all amounts recovered against Marx by the Debtors in Count III of the Adversary Complaint including any reduction in the amount of the debt owed.

D. On Count IV, enter judgment in favor of Craig Marx holding that Fidelity, United and BONY are liable in full for any and all amounts recovered against Marx by the Debtors in connection with the 2004 mortgage including avoidance, extinguishment, stripping, or any other ruling making the it unenforceable.

Dated: Queens, New York      Respectfully Submitted
May 13, 2013                 /s/ Brian McCaffrey

_____

Brian McCaffrey, Esq.
Attorney for Creditor/Craig Marx
88-18 Sutphin Blvd.
Jamaica, N.Y. 11435
Ph: (718) 480-8280
Fx: (718) 480-8279