IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

-------------------------------------------------------------------X

In Re:

RONALD DECONNE
KARIN DECONNE

            DEBTORS,                       CHAPTER 13

-----------------------------------------------------------------------X

RONALD DECONNE AND                 CASE NO. 12-22199 (RDD)
CRAIG DECONNE

            PLAINTIFFS,         Adv. Pro. No. 13-08213 (RDD)

      V.

CRAIG MARX

           DEFENDANT.

-----------------------------------------------------------------------X

CRAIG MARX

          THIRD PARTY PLAINTIFF,

      V.

THE BANK OF NEW YORK MELLON CORPORATION,
JP MORGAN CHASE & CO., LINEAR MORTGAGE GROUP,
LLC., FIDELITY NATIONAL TITLE INSURANCE COMPANY,
UNITED LAND ABSTRACT SERVICES CORP.

          THIRD PARTY DEFENDANTS.

-----------------------------------------------------------------------X

## NOTICE OF MOTION BY THIRD PARTY DEFENDANT UNITED LAND SERVICES, CORP. TO DISMISS THIRD- PARTY COMPLAINT AGAINST UNITED LAND SERVICES, CORP.

**PLEASE TAKE NOTICE** that Third Party Defendant United Land Abstract Services Corp. ("United Land"), by its attorney Edward G. McCabe, Esq., upon the annexed Memorandum of Law, dated August 6, 2013 will move this Court at the Courthouse located at 300 Quarropas Street, White Plains, New York 10601 for an order dismissing the Third Party Complaint of Third Party Plaintiff, Craig Marx pursuant to Federal Rule of Civil Procedure 12 (b) (6) for a lack of subject matter jurisdiction and for failing to set forth a judicial controversy for which relief can be sought in this Court.

**PLEASE TAKE NOTICE** that oral argument, if any, shall take place on October 9, 2013 at 10:30 a.m.

**PLEASE TAKE FURTHER NOTICE** that opposition, if any, to the motion shall be made in writing in compliance with the Federal Rules of Bankruptcy Procedure and the local rules of the United States Bankruptcy Court for the Southern District of New York and that the papers upon which such opposition is based be served upon the undersigned in a manner to be received no later than October 2, 2013.

Dated: Amityville, New York
      September 10, 2013

/s/ Edward G. McCabe
Edward G. McCabe, Esq. (EM6352)
21 Greene Avenue
Amityville, New York 11701

To:   Brian McCaffrey, Esq.
       Attorney For Third-Party Plaintiff
       88-18 Sutphin Blvd.
       Jamaica, New York 11435

       Linda M. Tirelli, Esq.
       Attorney For Plaintiff
       Garvey Tirelli & Cushner, Ltd.
       50 Main Street, Suite 390
       White Plains, New York 10606

       Paul J. McGeough, Esq.
       Attorney Third- Party Defendant
       Fidelity National Title Insurance Company
       Fidelity National Law Group
       350 Fifth Avenue, Suite 3000
       New York, NY 10118

       Parker Ibrahim & Berg, LLC
       Attn. Paul P. Berg, Esq.
       Attorney for Third-Party defendant
       JP Morgan Chase Bank. N.A.
       5 Penn Plaza, Suite 2371
       New York, NY 10001

property located at 47 Nimitz Road, Yonkers, New York. These mortgages were originally given by debtors to the Bank of New York and Marx claims to be in possession and ownership of such instruments since 2010 after a series of transfers and assignments. The Third-Party Complaint makes no specific allegations as to United but appears to allege that United is liable to Marx under a theory of common law negligence for allowing debtor to draw against a publicly filed credit line which was given by the Bank of New York in 2004 to the debtor. Marx alleges that although he purchased the 2004 mortgage in 2010, United should be liable to him under a theory of negligence for failing to "close out" this credit line in 2006 when debtor obtained a Heloc mortgage. Marx alleges that TPDs should be held liable for monetary damages; declaratory relief and/or indemnification in all or any part of his claims in the core proceeding is held to be invalid.

### ARGUMENT

A.    **THE COURT LACKS SUBJECT MATTER JURISDICTION**

A case is properly dismissed for a lack of subject matter jurisdiction under Federal Rule 12 (b) (1) when the Court the court lacks the statutory or constitutional power to adjudicate that cause of action. *Rule 12(b) (1)*. A person asserting subject matter jurisdiction has the burden of proving by a preponderance of evidence that it exists. *Malik v. Meissner 82 F.2d 560 (2nd Cir. 1996)*. Therefore, although the Court must accept the material facts alleged in the complaint, it need not draw favorable inferences when deciding this motion to dismiss the Third-Party Complaint.

The limited reach of the bankruptcy court has been recognized ever since Congress amended the bankruptcy code. The jurisdiction of the bankruptcy court is limited by statute. 28

3

U.S.C. Sec. 1334 (b) provides that the district courts shall have original jurisdiction over cases arising under Title 11 or arising in or related to cases under Title 11. The district court may turn over all cases arising under Title 11 or related to the Title 11 case to the bankruptcy court in the district. 11 U.S.C. Sec. 157.

In *Stern v. Marshal 131 S.Ct. 2594 (2011)*, the Supreme Court sought to clarify that core proceedings are ones that arise under the Bankruptcy code, that there is no such thing as a core proceeding that does not arise under Title 11 or in a Title 11 case and that the list of core proceedings under Section 157(b) (2) of Title 28 of the United States Code are illustrative.

In *Lemco Gypsum Inc. Miller v. Kemira, Inc.  910 F2d 784 (11th Cir. 1990),* the Court adopted the test enunciated by the Third Circuit in *Pacor, Inc. v. Higgins* for determining whether a civil proceeding is sufficiently related to a bankruptcy proceeding to confer federal jurisdiction on the district court. The standard for the usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding would conceivably have an effect on the estate being administered in the bankruptcy. The proceeding need not be against the debtor or against the debtor's property. An action is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action and which in any way impacts upon the handling and administration of the bankrupt estate. See, *Lemco Gvpsum.* Here the third party causes of action do not affect the handling or administration of the debtor estate. In fact, the prosecution of these claims is contingent upon Marx' claims being in whole, or in part, invalid in the core proceeding.

Here there are no facts pled which would give the court jurisdiction over United.

4

Instead, Marx has alleged state claims of negligence, indemnification and declaratory relief if he is unsuccessful in pursuing his claims against the debtors in the core proceeding. These are state common law claims which could be pursued by Marx in that state court if he is ever determined to have suffered a loss. As the Supreme Court opined in *Northern Pipeline Construction Co. v. Marathon Pipeline Co 458 U.S. 50 (1982)*, Congress could not vest the whole of a bankruptcy proceeding in the bankruptcy courts because the grant of jurisdiction in the 1978 act encompassed proceedings to far removed from the core of traditional bankruptcy powers to allow them to be adjudicated by non-Article III judges. In the instant action, the claims are potential state law claims that do not affect the bankruptcy estate. These are not the type of proceeding that Congress or Supreme Court envisioned the bankruptcy court adjudicating estate.

Accordingly, this Court has no subject matter jurisdiction over all four causes of action in the Third-Party Complaint.

B.    **MARX DOES NOT HAVE A VALID CAUSE OF ACTION FOR DECLARATORY RLIEF**

A controversy must necessarily be of a justiciable nature thus excluding an advisory decree based upon a hypothetical state of facts. *Ashwander v. Tennessee Valley Authority* 56 S. Ct. 466 (1936). Cases are often declared not ripe because the injuries are either too speculative or they may never occur. The rationale behind the ripeness doctrine is that a court should not issue premature judgments based upon abstract disagreements. *Abbot Laboratories v. Gardner 387 U. S. 136 (1967)*. By passage of the Federal Declaratory Act, Congress enlarged the range of remedies available in the federal courts but did not extend subject matter jurisdiction. *See, 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal practice & Procedure*

5

*Sec. 2766 at 641-642 (3rd Edition 1998).* There must be an actual controversy presented. This statutory limitation is equivalent to the constitutional limitation that federal courts may exercise jurisdiction only over actual cases or controversies. *United Food & Comm. Workers International Union v. IBP, Inc. 857 F.2d 422 (8th Cir.) (quoting U.S. Constitution art III, Sec. 2 cl. 1; Steffel v. Thompson, 415 U.S. 452 (1974).* A case or controversy is presented when the conflicting contentions of the parties present a real substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract. See, *Babbit v. United Farm Workers National Union, 442 U.S. 289 (1979).*

Here the Third Party Complaint by its terms admits the non-existence of a justiciable controversy. Marx has made claims in the bankruptcy proceeding that debtor is liable to him on claims as a secured creditor of debtors. Marx has now brought forth these third party claims alleging that if he is unsuccessful in the bankruptcy proceeding then, and only then, should he have declaratory relief from this court. A controversy in the abstract which is not yet in existence.

Accordingly, this Court has no jurisdiction over the four causes of action in the Third-Party Complaint.

## C.    MARX HAS FAILED TO STATE A CAUSE OF ACTION UNDER Fed. R. Civ. 12(b) (6)

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief". *Phillips v. County of Allegheny, 515 F. 3d, 224, 233 (3rd Cir 2008).* Recently, in

6

*Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007),* the Supreme Court clarified the standard for Rule 12 (b) (6). The Court in *Bell Atlantic* retired the language that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief". Id at 1968 (quoting *Conley v. Conley, 355 U.S. 45).* Instead the Supreme Court now held that the factual allegations set forth in the complaint "must be enough to raise a right of relief above the speculative level". Id at 1965. "The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element. See *Phillips at 515 F.3d 234 (quoting Twombly).*

A party seeking contribution or indemnification under a federal statute must demonstrate such a right arises (1) as a right created by Congress, either expressly or implicitly; or (2) under the federal common law. *Doherty v. Wireless Broadcasting Systems of Sacramento, Inc. 151 F.3d 1129 (9th Cir. 1998).* It is clear herein that there is no federal statute at issue which would warrant such a remedy.

Further, a right to indemnification or contribution arises under federal common law if such a cause of action would implicate a "uniquely federal interest" or alternatively, Congress has given the courts the power to develop substantive law. *Texas Industries, Inc. Radcliff Materials, Inc.* 451 U.S. 630, 640 (1981). Neither is the case here. There is no federal interest herein and Congress has not delegated to the court the power to make substantive law. The Third-Party Complaint does not involve the duties of the federal government, the distribution of

powers in the federal system, or matters, necessarily subject to federal control even in the absence of statutory authority and so there is insufficient ground for a federal common law cause of action. See *Meyers, 2007 WL 2753172 at 7.*

In the instant action, Third-Party Complaint is left to allege a state cause of action for common law contribution or indemnification between non-diverse parties based upon actions of negligence which are pled in a conclusory manner, without specificity against the TPDs collectively. There is no allegation that there was ever any contract between Marx and United. Further, Marx purchased (and received an assignment) of the publicly filed Credit Line Mortgage in 2010 some four years after the 2006 mortgage closing. Indemnity shifts an entire economic loss to a party who is supposed to bear that loss. It is "springs from a contract, express or implied, and full, not partial, reimbursement is sought. *McDermott v. City of New York, 50 N.Y. 2d 211 (1980).* Here there is no such contract theory pled as to united.

The Third-Party Complaint also alleges non-specific allegations of negligence by United. While there is no theory of negligence pled which would impose a legal duty by United to Marx, it is undisputed that the closing of the Heloc mortgage took place in 2006. Any action which Marx may have pled against United, which he has not, is precluded by the state law three (3) year statute of limitations for such a claim.

Dated: Amityville, New York
       August 6, 2013

                                             /s/ Edward G. McCabe
                                             Edward G. McCabe, Esq. (EM6352)
                                             21 Greene Avenue

8

## CERTIFICATION OF SERVICE

**PLEASE TAKE NOTICE** that Third Party Defendant United Land Abstract Services Corp.

("United Land"), by its attorney Edward G. McCabe, Esq., served counsel for all parties with the

the Amended Notice of Motion, dated September 30, 2013 on by mailing a copy of each at a

United States Post Office in a properly addressed prepaid postage envelope addressed to.

Brian McCaffrey, Esq.
Attorney For Third-Party Plaintiff
88-18 Sutphin Blvd.
Jamaica, New York 11435

Linda M. Tirelli, Esq.
Attorney For Plaintiff
Garvey Tirelli & Cushner, Ltd.
50 Main Street, Suite 390
White Plains, New York 10606

Paul J. McGeough, Esq.
Attorney Third- Party Defendant
Fidelity National Title Insurance Company
Fidelity National Law Group
350 Fifth Avenue, Suite 3000
New York, NY 10118

Parker Ibrahim & Berg, LLC
Attorneys for Third-Party defendant
JP Morgan Chase Bank. N.A.
5 Penn Plaza, Suite 2371
New York, NY 10001

Dated: Amityville, New York
September 30, 2013

Edward G. McCabe, Esq.