**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Ronald D. Deconne and<br>Karin Deconne,<br><br>Debtors. | Chapter 13<br><br>Case No. 12-22199 (RDD) |
| Ronald Deconne and Karin Deconne,<br><br>Plaintiffs,<br><br>v.<br><br>Craig Marx,<br><br>Defendant. | Adv. Pro. No.: 13-08213 (RDD) |
| Craig Marx,<br><br>Third Party Plaintiff,<br><br>v.<br><br>The Bank of New York Mellon Corporation; JP Morgan Chase & Co.; Linear Mortgage Group, LLC; Fidelity National Title Insurance Company; United Land Abstract Services Corp.,<br><br>Third Party Defendants. | |

**MOTION OF JPMORGAN CHASE BANK, N.A. ("CHASE") TO QUASH SUBPOENA PURSUANT TO F.R.C.P. 45 AS INCORPORATED BY FEDERAL <u>RULE OF BANKRUPTCY PROCEDURE 9016</u>**

JPMorgan Chase Bank, N.A. ("Chase"), by and through its counsel, hereby moves to quash a Subpoena Ad Testificandum and Duces Tecum (the "Subpoena") issued by Craig Marx ("Third-Party Plaintiff" or "Marx") pursuant to Federal Rule of Civil Procedure 45 (made applicable here by Federal Rule of Bankruptcy Procedure 9016). As set forth in further detail below, pursuant to Rule 45(d)(3)(A), the Court must quash the Subpoena because it: (1) fails to allow a reasonable time to comply; (2) requires disclosure of privileged or other protected matter; and (3) subjects Chase to an undue burden, as the documents requested are voluminous and beyond the scope of these proceedings.

## BACKGROUND

1. Marx asserts a claim in the bankruptcy case of Ronald DeConne and Karin DeConne ("Debtors") based on his alleged security interest in the Debtors' property and amounts owed by the Debtors on two mortgages (the "Mortgages") allegedly granted by the Debtors, which he alleges encumbers property located at 47 Nimitz Road, Yonkers, New York (the "Property").

2. On March 27, 2013, the Debtors initiated the underlying adversary proceeding against Marx wherein they alleged that Marx's claims are the result of improper accounting, improper add on charges and fees, a false proof of claim and Marx's misrepresentation of himself as the owner of the Debtor's mortgage loans.

3. On May 13, 2013, Marx filed a Third Party Complaint ("TPC") wherein Marx sought to hold Third-Party Defendants, including Chase, liable for any portion of his claim against the Debtors that may be deemed unsecured, dischargeable, void or otherwise uncollectable as a result of the adversary proceeding.

4. On July 16 2013, Chase filed a motion to dismiss the TPC.

5. On June 26, 2014, the Court granted Chase's motion to dismiss.

{00279662.DOCX }

6. On December 4, 2014, counsel for Marx provided this office with a "courtesy copy" of a Subpoena seeking documentation for a trial scheduled on December 11, 2014. Specifically, the Subpoena requested "documentation substantiating, evidencing and/or supporting the transfer/sale/merger etc. of two (2) residential mortgage loans made by The Bank of New York on 1/22/04 and 5/20/06 that were subsequently transferred/sold/merged to JPMorgan Chase Bank."

7. Further, the Subpoena requests the following documents, electronically stored information, or objects:

- Any Documents regarding the origination, funding, servicing, collection, transfer, sale, trade, a full life loan history (this list being illustrative but not exhaustive) for the mortgage(s), Loan(s), line(s) of credit and/or promissory note(s) as follows:

    o Mortgage and Promissory Note originated 1/22/04 for the sum of $400,000.00
      Account No. 419558129836
      Property address- 47 Nimitz Rd. Yonkers, N.Y. 10710
      Borrowers -Ronald Deconne and Karin Deconne

    o Mortgage and Promissory Note dated 5/20/06 sum of $430,000.00
      Account No. 419658718799
      Property address- 47 Nimitz Rd. Yonkers, N.Y. 10710
      Borrowers -Ronald Deconne and Karin Deconne

8. In addition, the Subpoena requested that James Dimon, Chairman and CEO JPMorgan Chase Bank, or another qualified corporate executive appear on the trial date.

9. As an initial matter, the Subpoena appears procedurally defective and contains requests that are overly broad and appear well beyond the scope of these proceedings. For example, the Subpoena requests information relating to the underlying origination, funding, servicing, collection, transfer, trade and full life loan history of the loans. This request is not only voluminous and inappropriate for these proceedings, it also is unduly burdensome in light

{00279662.DOCX }

of the fact that the Subpoena was served just seven (7) days prior to the anticipated trial date. A true copy of the Subpoena is attached hereto as **Exhibit "A".**

## LEGAL ARGUMENT

### The Court Should Quash the Subpoena

10. Chase respectfully requests that this Court enter an order quashing the Subpoena.

11. Rule 45(d)(3)(A) provides that: "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden."

12. As an initial matter, it is unclear whether service of the Subpoena was properly effectuated as counsel for Marx has not provided proof of service and this office is not authorized to accept service on behalf of Chase.

13. Additionally, the Subpoena does not provide sufficient time for compliance as required by Rule 45(d)(3(A)(i).

14. In essence, the Subpoena would require Chase to produce a witness and voluminous documents in less than seven (7) days. This is contradictory to obligation to avoid undue burden or expense. Specifically, Rule 45(d)(1) provides that "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Here, Marx's waiting to the eve of trial to serve his Subpoena is contrary to the mandates of Rule 45(d)(1), Rule 45(d)(3)(A)(i)

and Rule 45(d)(3)(A)(iv), requiring that a party being served with subpoena be afforded reasonable time to comply.

15.     Additionally, Marx seeks extensive and overly burdensome documents and information that is not relevant or that is otherwise privileged and/or proprietary. Simply stated, these demands are overly burdensome and appear designed to harass Chase.

16.     The requests in the Subpoena are so broad and lack specificity that Chase is unable to respond in such a short timeframe.

17.     Not only is the Subpoena overly broad and unduly burdensome, it bears no relationship to this bankruptcy case, because the Subpoena is nothing more than a broad-based fishing expedition, well beyond the scope of these proceedings and should be quashed.

## CONCLUSION

18.     Based upon the foregoing, Chase respectfully submits that the Subpoenas be quashed in their entirety, and that the Court grant such other and further relief as is appropriate under the circumstances

**PARKER IBRAHIM & BERG LLC**

 */s/ Joseph H. Lemkin*
James P. Berg, Esq.
Joseph H. Lemkin, Esq.
5 Penn Plaza, Suite 2371
New York, New York 10001
Phone:  (212) 596-7037
Fax:  (212) 596-7036
*Attorneys for Defendant,*
JPMorgan Chase Bank, N.A. improperly pled as JPMorgan Chase & Co.
james.berg@piblaw.com
joseph.lemkin@piblaw.com